FILED

DEC 2 3 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____PD_____Deput*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| POORMAN ENTERPRISES, INC., | |
|---|---|
| Plaintiff, | |
| vs. | Case No. A05-0243 CV (RRB) |
| THE UNITED STATES OF AMERICA, et al., | **ORDER DENYING PLAINTIFF'S MOTION FOR COSTS AND FEES** |
| Defendants. | |

I.   INTRODUCTION

Plaintiff Poorman Enterprises, Inc. ("Poorman") moves for costs and fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), Fed. R. Civ. P. 54, and Local Federal Civil Rules 54.1 and 54.3.[1]  Poorman argues that it is entitled to costs and fees because it was a prevailing party under the catalyst

---

[1] Clerk's Docket No. 6

ORDER DENYING MOTION FOR COSTS AND FEES - 1
A05-0243 CV (RRB)

theory.[2] The Government opposes on a number of grounds, including that Poorman was not a prevailing party.[3]

Because the Court concludes that Poorman was not a prevailing party, Poorman's Motion is **DENIED**.

## II. FACTS

Poorman brought suit in federal court challenging the decision of an administrative law judge to deny Poorman's motion for a continuance of an administrative hearing on the validity of Poorman's mining claims.[4] After multiple continuances concerning the date of this hearing, the administrative law judge scheduled the hearing for September 14, 2005.[5] Poorman then moved for a ninety day continuance, and the Government opposed such a continuance.[6] The administrative law judge denied the continuance, but rescheduled the hearing for October 25, 2005.[7] Poorman again requested a full ninety day continuance, and it was again denied.[8]

---

[2] *Id.* at 4-5.

[3] Clerk's Docket No. 7 at 3-4.

[4] Clerk's Docket No. 1.

[5] Clerk's Docket No. 7 at Ex. 1 at 1.

[6] *Id.*

[7] *Id.* at Ex. 3.

[8] *Id.* at Ex. 2.

Poorman proceeded to file suit in this court seeking injunctive and declarative relief to stop the hearing from proceeding as scheduled.[9] After reviewing this action, the administrative law judge reversed his decision and rescheduled the hearing for December 13, 2005.[10] Poorman filed a Notice of Dismissal of his complaint in this court, and now moves for the fees and costs involved in filing the complaint.

### III. DISCUSSION

For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that: (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable.[11] Here, Poorman fails under the first prong.

Poorman argues that it is a prevailing party under the catalyst theory; that there is "a clear, causal relationship between the litigation brought and the practical outcome

---

[9] Clerk's Docket No. 1.

[10] Clerk's Docket No. 7 at Ex. 8.

[11] 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

realized."[12] However, the Supreme Court rejected such a theory in a decision interpreting statutes other than the EAJA.[13] In 2002, the Ninth Circuit held that the Supreme Court's interpretation of "prevailing party" under other federal statutes also applied to the EAJA.[14] The Ninth Circuit stated, "We therefore hold that a 'prevailing party' under the EAJA must be one who has gained by judgment or consent decree a 'material alteration of the legal relationship of the parties.'"[15] Poorman's argument that this holding was limited to the facts of the case is not well-taken. The Court is unaware of any subsequent case reading the holding in *Perez-Arellano* as limited.

Here, there was no judgment or consent decree issued, and nothing materially altered the legal relationship of the parties. In fact, Poorman voluntarily dismissed its case. Although Poorman obtained its goal of a continuance, there was no enforceable judgment on the merits nor any enforceable settlement agreement.[16] Thus, Poorman is not a prevailing party and is not entitled to any EAJA fees.

---

[12] Clerk's Docket No. 6.

[13] *Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001).

[14] *Perez-Arellano*, 279 F.3d at 794.

[15] *Id.*

[16] *See id.* at 795.

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

ENTERED this 22nd day of December, 2005.

                                        /s/
                               RALPH R. BEISTLINE
                               UNITED STATES DISTRICT JUDGE

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

ENTERED this 23 day of December, 2005.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE